**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-18-246-R |
| | ) | |
| JAROD BEACH BROOK, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Defendant Brook pled guilty to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) and was sentenced to a 120-month term of imprisonment.[1] Now before the Court is Defendant's pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 127].

Section 3582(c)(1)(A)(i) "permits a sentencing court to reduce a federal prisoner's sentence for 'extraordinary and compelling reasons.'" *United States v. Wesley*, 60 F.4th 1277, 1279 (10th Cir. 2023) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Defendant's motion asserts that extraordinary and compelling reasons are present in his case because the Supreme Court's decision in *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019), is an intervening change in the law that renders his guilty plea invalid.

---

[1] Defendant entered a conditional plea of guilty that reserved the right to appeal the denial of a motion to suppress evidence. Defendant timely appealed and the Tenth Circuit affirmed. Defendant did not raise any other issues on appeal nor seek any form of post-conviction relief until the filing of the present motion.

In *Rehaif*, 139 S. Ct. at 2200, which was decided after Defendant's plea but prior to his sentencing, the Supreme Court held "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." In other words, "the Government must prove not only that the defendant knew he possessed a firearm, but also that he knew he was a felon when he possessed the firearm." *Greer v. United States*, __ U.S. __, 141 S. Ct. 2090, 2095 (2021).

Defendant argues that he entered his guilty plea without being advised that knowledge of his felony status was an element of the offense and his guilty plea is therefore "constitutionally invalid" under *Rehaif.* Although Defendant describes this alleged error as providing an extraordinary and compelling reason to reduce his sentence, his argument suggests that his sentence was imposed in violation of the Constitution or the laws of the United States. That type of claim is governed by 28 U.S.C. § 2255. *See United States v. Wesley*, 60 F.4th 1277, 1288 (10th Cir. 2023) ("When a federal prisoner asserts a claim that, if true, would mean 'that the sentence was imposed in violation of the Constitution or laws of the United States…,' the prisoner is bringing a claim governed by [28 U.S.C.] § 2255."). And, importantly, a motion under § 3582(c)(1)(A)(i) "may not be based on claims specifically governed by 28 U.S.C. § 2255." *Id.*; *United States v. Rogers*, No. CR 4:14-0028-MGL, 2022 WL 686850, at *4 (D.S.C. Mar. 8, 2022)("Here, a compassionate release motion under 18 U.S.C. § 3582 is not the proper vehicle to challenge the validity of a sentence under *Rehaif*. Rather, the proper vehicle is a motion pursuant to 28 U.S.C. § 2255.").

Based on Defendant's arguments, the Court intends to construe Plaintiff's motion as a petition seeking habeas relief under 28 U.S.C. § 2255. However, before the Court recharacterizes the motion as one seeking relief under § 2255, the Court apprises Defendant of the following:

> any subsequent § 2255 motions will be subject to restrictions on second or successive motions. In particular, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to § 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h). A second or successive motion under § 2255 may be filed in the district court only after the court of appeals certifies that the motion is based on "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

*United States v. Cole*, No. 18-CR-150-JED, 2022 WL 1597831, at *2 (N.D. Okla. May 19, 2022).

On or before January 8, 2024, Defendant shall file a brief indicating whether he agrees to have his motion seeking relief under *Rehaif* [Doc. No. 127] construed as a motion under 28 U.S.C. § 2255 or chooses to withdraw it. If a response is not received by January 8, 2023, the Court will consider the motion withdrawn. If Defendant directs the Court to construe his motion as being brought under § 2255 and desires to raise any other claims in his initial motion without the potential bar that applies to second or successive motions, Defendant must file an amended § 2255 petition by January 17, 2024.

Defendant's motion also includes a request to seal exhibits 2 and 3, which contain reference letters and a proposed release plan. This request is GRANTED. Defendant's

request for the appointment of counsel is DENIED without prejudice. Defendant "has no constitutional or statutory right to appointment of counsel in the prosecution of a post-conviction motion unless an evidentiary hearing is warranted." *Id.* at *2. After consideration of the appropriate factors, the Court finds that Defendant is capable of presenting his claim and other circumstances do not warrant the appointment of counsel. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

IT IS SO ORDERED this 7th day of December 2023.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**